UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE HARRIS,<br><br>          Plaintiff,<br><br>          v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>          Defendant. | No. 2:17-cv-01990 |

## **O P I N I O N**
### Defendant's Motion to Dismiss, ECF No. 10 – Granted

**Joseph F. Leeson, Jr.**                                                                                                 **April 6, 2018**
**United States District Judge**

### I.     Introduction

Plaintiff Diane Harris, who is proceeding pro se and has been granted leave to proceed *in forma pauperis*, has filed a Complaint seeking judicial review of a decision of the Social Security Administration pursuant to 42 U.S.C. § 405(g). Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, has moved to dismiss Harris's Complaint as untimely. Because Harris's Complaint is untimely and equitable tolling is not warranted, Berryhill's Motion to Dismiss is granted.

### II.     Background

In July 2013, Harris filed applications for Disability Insurance Benefits and Supplemental Security Income. *See* Cousins Decl. Exs. 1 and 2, ECF No. 10-1. After the claims were denied at the initial level, Harris requested a hearing before an Administrative Law Judge (ALJ), which was held in March 2015. *See* Cousins Decl. Exs. 3-5. In April 2015, the ALJ denied Harris's applications for benefits. *See* Cousins Decl. Ex. 5. In July 2015, Harris filed a request for review

of the ALJ's decision. *See* Cousins Decl. Ex. 6. By letter dated September 30, 2016, the Social Security Appeals Council notified Harris that it had denied her request for review. *See* Cousins Decl. Ex. 7. The Appeals Council's letter further informed Harris that she could file a civil action for court review of the ALJ's decision within 60 days and that, for good cause, she could ask the Appeals Council to extend the time to file. *Id.*

In February 2017, Harris submitted a letter to the Attorney General of the United States indicating that she had asked the Appeals Council for an extension of time to file a civil action. *See* Cousins Decl. Ex. 8. By letter dated March 9, 2017, the Appeals Council granted Harris an additional thirty days to file her civil action. *See* Cousins Decl. Ex. 9. The letter states that the Appeals Council "assume[s] that [Harris] received this letter 5 days after the date on it unless [she shows] that [she] did not receive it within the 5-day period." *Id.*

Harris filed her civil action with this Court on April 28, 2017. ECF No. 1. Berryhill, in response, filed the present Motion to Dismiss, contending that Harris's action is time-barred because she did not file her Complaint within the additional thirty-day period provided by the Appeals Council in its March 9, 2017 letter.[1] Harris filed a Response to Berryhill's Motion, stating that her Complaint "can be considered timely for excusable delay." Pl.'s Resp. 1, ECF No. 17.

### III. Standard of Review

Although, "[t]echnically, the Federal Rules of Civil Procedure require that affirmative defenses be pleaded in the answer," under "the so-called 'Third Circuit Rule'" a limitations

---

[1] Berryhill does not indicate under which Rule of Federal Civil Procedure she proceeds for dismissal, but "[t]he court presumes defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6)." *See White v. Colvin*, 150 F. Supp. 3d 361, 362 n.2 (D. Del. 2015) (dismissing social security appeal as time-barred pursuant to Rule 12(b)(6) (citing *Raffinee v. Commissioner of Soc. Sec.*, 367 F. App'x 379, 380 (3d Cir. 2010)).

defense may be raised by a motion under Rule 12(b)(6) if "'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir.1975)).

"In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). In addition, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. National Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (quoting 62 Fed. Proc., L.Ed. § 62:508); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment." (internal quotation marks and emphasis omitted)).[2]

## IV. Analysis

Section 405(g) provides that an "individual, after any final decision of the Commissioner of Social Security made after a hearing . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." This provision constitutes a statute of limitations but is not jurisdictional. *See Bowen v. City of New York*, 476 U.S. 467, 478 (1986). The United States Supreme Court has explained that "the statute of limitations embodied

---

[2] The Court does not consider the declaration of Marie Cousins, but considers the exhibits attached to it. *See White*, 150 F. Supp. 3d at 363 n.4.

in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually. Thus, the limitation serves both the interest of the claimant and the interest of the Government." *Id.* at 481. The limitations period constitutes "a condition on the waiver of sovereign immunity and thus must be strictly construed." *Id.* at 479.

The limitation period prescribed by § 405(g), however, is subject to equitable tolling. *Id.* at 480. There are three principal bases for applying the doctrine of equitable tolling:

> (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.

*Kramer v. Comm'r of Soc. Sec.*, 461 F. App'x 167, 169 (3d Cir. 2012) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)). A "plaintiff bears the burden of establishing that equitable tolling applies." *Courtney v. La Salle Univ.*, 124 F.3d 499, 505 (3d Cir. 1997).

The Commissioner's decision denying Harris's applications for benefits became final on September 30, 2016, when the Social Security Appeals Council notified Harris that it had denied her request for review of the ALJ's decision. As set forth above, Harris failed to file a civil action within the sixty days required under § 405(g), but by letter dated March 9, 2017, the Appeals Council allowed Harris an additional thirty days to file an action. This thirty-day period (plus five additional days for mailing) expired on April 13. Harris filed her Complaint fifteen days later, on April 28. Accordingly, Harris's Complaint is untimely. Harris has not presented any facts to justify equitable tolling or to explain why she failed to file her Complaint within the additional time provided by the Appeals Council. Although, as indicated above, Harris claims

4
040618

that her failure to timely file her Complaint was due to "excusable delay," she provides no explanation for this claim. Accordingly, her Complaint is dismissed as time-barred.

**V.     Conclusion**

For the reasons set forth above, Berryhill's Motion to Dismiss is granted. A separate order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge

5
040618